NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3137
_____

CRYSTAL A. EVANS,

Appellant

v.

GLOUCESTER TOWNSHIP; GLOUCESTER TOWNSHIP POLICE DEPARTMENT;
DAVID R. MAYER, acting Mayor of Gloucester Township, in his individual and
official capacity; DAVID HARKINS, acting Deputy Chief of Gloucester Township
Police Department, in his individual and official capacity; ROBERT GRILL, acting
Director of New Jersey Department of Motor Vehicles, in his individual and official
capacity; P/O JAMES DOCKERTY; P/O BENJAMIN LEWITT;
JOHN DOE GLOUCESTER TOWNSHIP POLICE OFFICERS (1-3);
JANE DOE CAMDEN COUNTY PROSECUTOR; JOHN DOE(S) 1-10,
in their individual and official capacities; XYZ CORPORATION(S) (1-10);
GLOUCESTER TOWNSHIP RESIDENCE MEDIA RESOURCES, t/a GTRMC.COM;
DAVID CARLAMERE; P/O GREGORY A. JACKSON; FRANK MELLACE;
MELISSA MELLACE; BEST4GT, GTRMC.COM ACCOUNT HOLDER;
YMBDFA, GTRMC.COM ACCOUNT HOLDER; SYBIL EVANS,
GTRMC.COM ACCOUNT HOLDER; HOWARD C. LONG;
MARIANNE COYLE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-14-cv-07160)
District Judge: Hon. Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
June 15, 2017

Before: JORDAN, KRAUSE, and GREENBERG, *Circuit Judges.*

(Filed: June 15, 2017)
_____

OPINION[*]
_____

JORDAN, *Circuit Judge*.

This case involves allegations of an elaborate conspiracy to violate the constitutional rights of Crystal A. Evans, formerly a member of the Gloucester, New Jersey, Township Council. Evans claims that the Township, Mayor, Police Department, police officers, the individual who supervised her work at the Motor Vehicle Commission, as well as other municipal employees and private persons (collectively "the Defendants") engaged in a scheme to tarnish her reputation, culminating in her false arrest on spurious charges and termination from her job. The District Court dismissed most of Evans's Second Amended Complaint (the "Complaint") and sanctioned her attorney for bringing frivolous claims. But a claim against one of the municipal employees, her supervisor, has not been resolved.

Evans nonetheless has appealed and raises a litany of objections to the District Court's dismissal. Because the claim against her supervisor has not been disposed of, we ordered the parties to file supplemental briefs addressing whether the District Court's order was a final judgment. We conclude that it was not, as it did not resolve all claims as to all parties. Therefore, we will dismiss the appeal for lack of jurisdiction.

_____

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

## I.    Background

According to Evans's Complaint, numerous government employees and others engaged in a years-long conspiracy to commit a wide array of offenses against her.  The Complaint lists 16 claims against approximately 41 defendants.  The District Court dismissed the first 15 claims and the corresponding defendants in an order dated June 29, 2016.  The sixteenth and final claim was brought against Robert Grill, Evans's supervisor while she worked at the New Jersey Department of Motor Vehicles.  It alleged "deprivation of substantive and procedural due process for termination from employment."  (App. at 266.)  Whether Grill received service of process is unclear, but he never appeared before the District Court.  And because he did not appear, he obviously did not move for dismissal of that claim.

## II.    Jurisdiction[1]

We have jurisdiction over "appeals from all final decisions of the district courts[.]" 28 U.S.C. § 1291.  "Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 259 F.3d 135, 140 (3d Cir. 2001) (internal quotation omitted).  That rule "preclude[s] appealability of a determination as to less than all parties in the action, whether plaintiffs or defendants."

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.  Our jurisdiction is directly at issue in this appeal.

3

*Shirey v. Bensalem Twp.*, 663 F.2d 472, 475 (3d Cir. 1981). The only exceptions to that rule are not relevant here.[2]

When Evans appealed, we asked the parties to brief whether the lingering claim against Grill precluded the District Court's order from being a final judgment. In an odd move for an appellant, Evans argues that we lack jurisdiction. According to her, Grill was properly served and therefore the claim against him has yet to be adjudicated. The Defendants argue that we do have jurisdiction. According to them, Grill was not properly served and therefore was never made a party to begin with. The Defendants do not dispute that a summons was served at Grill's place of business, but they contend that the individual who received service was not qualified to do so and that the contents of the summons were insufficient.

To assure ourselves that we have jurisdiction, we would have to determine that Grill was not made a party because the attempt at service upon him was improper.[3] But

---

[2] Those exceptions for appeals taken pursuant to 28 U.S.C. § 1291 are (1) if the order should nonetheless be considered under the collateral order doctrine from *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), or (2) if the District Court "direct[s] entry of a final judgment" after it "expressly determines that there is no just reason for delay" in accordance with Fed. R. Civ. P. 54(b). *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenflurammine) Prod. Liab. Litig.*, 401 F.3d 143, 154 (3d Cir. 2005). In addition, 28 U.S.C. § 1292 provides several bases for appellate jurisdiction over non-final decisions that are likewise not relevant here. *Id.*

[3] Pleadings must be served in accordance with Federal Rule of Civil Procedure 4. Rule 4(e) permits most individuals to be served by following state law, delivering a copy of the summons and complaint personally, leaving a copy at the person's usual living place with an individual of suitable age and discretion who also lives there, or by delivering a copy to an agent authorized by appointment or by law to receive service. Rule 4 also sets out specific requirements for the contents of a summons, and mandates that it "be directed to the defendant[.]" Fed. R. Civ. P. 4(a)(1)(B).

we do not have a record upon which to make that decision. The validity of service was never challenged in the District Court, and so there is no record on the issue.[4] Without clarity on the point, we cannot say that the District Court has determined all claims against all parties and, accordingly, we cannot exercise jurisdiction to hear the appeal at this time. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 273 n.5 (3d Cir. 2013) (noting that the Supreme Court has "caution[ed] that judicial economy counsels against extending appellate jurisdiction" (citing *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106-07 (2009)); *Cf. Berckeley Inv. Grp.*, 259 F.3d at 145 (refusing to exericse jurisdiction where it was unclear whether District Court unmistakably intended to certify under Rule 54(b)).

## III.    Conclusion

Based on the foregoing, we will dismiss the appeal for lack of jurisdiction.

---

[4] In order to determine whether the requirements of Rule 4 are satisfied, we would have to undertake a factual analysis. For instance, the individual who supposedly received service on behalf of Grill, Joseph F. Bruno, was an "administrative analyst with legal and regulatory affairs at State of New Jersey Motor Vehicle Commission administrative offices[.]" (*Evans v. Gloucster Twp.*, *et al.*, 14-cv-7160, Dkt. No. 6-3 at 2.) Whether Bruno is "an agent authorized by appointment or by law to receive service" on behalf of Grill is an unanswered question. Fed. R. Civ. P. 4(e)(2)(C).